# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1330V
Filed: March 14, 2019
UNPUBLISHED

|  |  |
|---|---|
| RICHARD KADRY,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Isaiah Richard Kalinowski, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On September 26, 2017, Richard Kadry ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine he received on or about November 20, 2015. Petition at 1. On December 13, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 32.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 31, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 37. Petitioner requests attorneys' fees in the amount of $23,286.40 and attorneys' costs in the amount of $1,055.99. *Id.* at 1-2. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $24,342.39.

On February 4, 2019, respondent filed a response to petitioner's motion. ECF No. 38. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On February 7, 2019, petitioner filed a reply. ECF No. 39. Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates his view that his attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I. Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees

and costs sought] at the time of the submission." *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II. Discussion

### A. Hourly Rates

#### i. Isaiah Kalinowski

Petitioner requests the following rates for attorney Isaiah Kalinowski; $358 for work performed in 2017 and $368 for work performed in 2018.  These rates have been previously awarded to Mr. Kalinowski and are awarded herein. For 2019, petitioner is requesting an hourly rate of $383. The undersigned finds the rate increase reasonable given the undersigned's experience in the Vaccine Program, overall legal experience, and quality of the work performed and awards the rate in full.

#### ii. Jessica Olins

With regard to Ms. Olins' requested hourly rate of $205 for work performed in 2019, the undersigned finds the proposed rate excessive based on her overall legal experience, the quality of work performed, her experience in the Vaccine Program, and her reputation in the legal community and the community at large.  See *McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).  The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g., Saxton v. Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Health & Human Servs*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. HHS*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991), *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).  Under the Court's Fee Schedule, an attorney in the range of less than 4 years of experience are entitled to hourly rates between $162 - 243 for work performed in 2019.[3]

Ms. Olins was awarded a rate of $184 per hour for work performed in 2018.  An increase for 2019, based on the Producer Price Index for the "Office of Lawyers" (PPI-

---

[3] The Attorneys' Fee Schedule for 2019 is available at
http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.

OL), provided by the Department of Labor Bureau of Labor Statistics, would result in a rate of $199 per hour, which is a more appropriate rate given the undersigned's experience and analysis of the McCulloch factors as applied to Ms. Olins. Therefore, the undersigned reduces the fee request by **$0.60**.

### B. Excessive and Duplicative Billing

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209.

Billing records show that three attorneys and eleven paralegals billed time in this matter, with some billing less than one hour. This resulted in multiple reviews of the same records, orders and updating the same entries on files. For example, the attorney's and the paralegals list 35 separate entries as reviewing court notifications of filings and updating file entries and deadlines, for a total of 4.1 hours of time. The undersigned reduces the request for attorney's fees by **$293.60**[4], the total of the duplicated entries at the paralegal rates.

### D. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 2.7 hours was billed by paralegals on tasks considered administrative including, receiving documents, finalizing and forwarding correspondence, and updating file notes. The undersigned reduces the request for attorney fees by **$395.40**[5], the total amount of the tasks considered administrative.

### III.  **Attorney Costs**

---

[4] This amount consists of (0.80 hrs x $145 = $116) + (1.2 hrs x $148 = $177.60) = $293.60.

[5] This amount consists of (1.4 hrs x $145 = $203) + (1.3 hrs x $148.00 = $192.20) = $395.40.

Petitioner requests reimbursement for attorney costs in the amount of $1,055.99. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

### IV.    Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $23,652.79[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Isaiah Richard Kalinowski.  Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.